United States Courts
Southern District of Texas
FILED

JUL 0 2 2004

Michael N. Milby, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | |
|---|---|
| RAY GUAJARDO,<br><br>    **Plaintiff,**<br><br>VS.<br><br><br>FORMOSA PLASTICS CORP. OF TEXAS,<br><br>    **Defendant.** | CIVIL ACTION No.<br>**V- 0 4 - 6 1**<br>(JURY DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RAY GUAJARDO Plaintiff, and files this his Original Complaint for causes of action against Defendant Formosa Plastics Corp. of Texas (hereinafter "Formosa", "Defendant" or "Defendant Formosa") and would show this Court and jury as follows:

### I. NATURE OF THE CASE

1.    This claim arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et. seq.*, § 21.051 of the Texas Commission on Human Rights Act (TCHRA) and 42 U.S.C. § 1981 which prohibit employers from discriminating against an employee on the basis of their race.

2.    This is also an action under Title VII of the Civil Rights Act of 1964, as amended, § 21.051 of the TCHRA and 42 U.S.C. § 1981 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Mr.

Guajardo who was adversely affected by such practices. The Plaintiff, Ray Guajardo, was retaliated against in violation of section 704(a) of Title VII, § 21.051 of the TCHRA and 42 U.S.C. § 1981 for objecting to discriminatory practices by Defendant.

3. Because of the aforementioned, Mr. Guajardo was discharged from his job position on or about July 30, 2003. Plaintiff sustained lost wages and benefits due to Defendant's discriminatory practices as well as compensatory damages.

## II. PARTIES

4. Plaintiff, **Ray Guajardo**, is an individual who was at all material times employed by Defendant in Point Comfort, Texas.

5. **Formosa Plastics Corp. of Texas,** is a Texas corporation, and may be served with process by serving its registered agent, Corporation Service Company DBA+, by certified mail, return receipt requested at 800 Brazos, Austin, Travis County, Texas 78701.

## III. JURISDICTION AND VENUE

6. This claim arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.*, the Texas Commission on Human Rights Act (TCHRA) and 42 U.S.C. § 1981 which prohibit employers from discriminating against an employee on the basis of their race.

7. This is also an action under § 704(a) of Title VII of the Civil Rights Act of 1964, as amended, the Texas Commission on Human Rights Act and 42 U.S.C. § 1981 which prohibit employers from retaliating against an employee for objecting to discrimination including sexual harassment (Title VII and TCHRA) and participating in investigations of gender discrimination (Title VII and TCHRA) and race discrimination

2

(Title VII, TCHRA and 42 U.S.C. § 1981). The Court has jurisdiction of the federal causes of action under 42 U.S.C. § 2000e *et seq.,* 28 U.S.C. § 1331 and 1343. The Court has supplemental jurisdiction over the state causes of action under 28 U.S.C. § 1367.

8. Venue is proper in the Victoria Division of the Southern District of Texas under 42 U.S.C. § 2000e-5(3) and 28 U.S.C. § 1391. The unlawful employment practices occurred in the Victoria Division; the employment records relevant to such practice are maintained and administered in the Victoria Division; and Mr. Guajardo was employed by Defendant in the Victoria Division. *Id.*

## IV. EXHAUSTION OF ADMINISTRATIVE PROCEDURES

9. Mr. Guajardo timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Commission on Human Rights on August 1, 2003, (Attached hereto as Plaintiff's Original EEOC charge Exhibit "A" and the Plaintiff's Amended EEOC charge filed on February 11, 2004 attached as Exhibit B). Mr. Guajardo herein files his Original Complaint and brings this civil action within ninety (90) days of receiving the Notice of Right to Sue letter dated June 14, 2004 and received on June 17, 2004, from the EEOC. (Attached hereto as Exhibit "C").

10. All other conditions precedent have been performed or have occurred.

## V. JURY DEMAND

11. Plaintiff demands a jury trial on all issues so triable.

3

## VI.  STATEMENT OF THE CASE

12.    Defendant employs more than fifteen employees and, thus, is subject to the provisions of Title VII of the Civil Rights Act of 1964, as amended (Title VII) and the Texas Commission on Human Rights Act (TCHRA).

13.    At the time of his discharge, Mr. Guajardo had worked for the Defendant over ten (10) years and held the position of operator in the EG unit working at the Defendant's facility in Point Comfort, Texas.

14.    During Mr. Guajardo's employment with the Defendant, Mr. Guajardo provided testimony in support of a female coworker's sex discrimination/pregnancy discrimination case filed against the Defendant.  Additionally, Mr. Guajardo provided testimony and/or agreed to be a witness in support of a male coworker's race discrimination complaint filed against the Defendant.

15.    On Monday, July 28, 2003, a member of management, Armando Ramirez, accused Mr. Guajardo of sleeping on the job. **Mr. Ramirez advised Mr. Guajardo that if he did it again he would be suspended, pending investigation of the incident.**

16.    After the alleged incident on July 28, 2003, Mr. Ramirez also sent an e-mail to the entire unit and to the plant manager advising employees that if Mr. Ramirez caught anybody sleeping again, they would be suspended, pending investigation and possible termination may result.

17.    On July 29, 2003, Mr. Guajardo reported to the plant manager, Randy Smith, that he was not sleeping on the job as alleged and that he felt that Mr. Ramirez was retaliating against him (Mr. Guajardo) for Mr. Guajardo's participation in a sexual harassment investigation and because Mr. Guajardo agreed to testify in two

4

employment discrimination cases (including Cause No. V-02-98 in the SDTX-Victoria Division) in which Mr. Ramirez was the alleged perpetrator of the unlawful/discriminatory conduct.

18. On July 30, 2003, Mr. Guajardo was discharged by the Defendant.

19. Mr. Guajardo provided Defendant with two witness statements that confirmed he was not sleeping on the job. These witness statements were confiscated by Randy Smith and not returned to Mr. Guajardo.

20. Prior to Plaintiff's discharge, at least two (2) other employees under the supervision of Mr. Ramirez not in Mr. Guajardo's protected classes, had been caught sleeping on the job and were not discharged.

## VII. CAUSES OF ACTION

### A.   Race Discrimination: TCHRA ~ Title VII ~ 42 U.S.C § 1981

21. Pursuant to Texas state law (§ 21.051 of the TCHRA), Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C § 1981 Mr. Guajardo pleads a cause of action against Defendant for race discrimination. The allegations contained in all of the paragraphs of this Complaint are hereby reasserted for all purposes and incorporated herein with the same force and effect as if set forth verbatim. Mr. Guajardo further shows as follows:

22. Mr. Guajardo (Hispanic) was discharged for allegedly sleeping on the job. Mr. Guajardo provided the Defendant with two witness statements from coworkers which supported Mr. Guajardo's position that he was not sleeping on the job as alleged by Defendant. Whereas similarly situated white employees were not discharged from their job positions for sleeping on the job.

**B.** **Retaliation: TCHRA ~ Title VII ~ 42 U.S.C § 1981**

23. Pursuant to Texas state law (§ 21.051 of the TCHRA), Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, Mr. Guajardo pleads a cause of action against Defendant for retaliation. The allegations contained in all of the paragraphs of this Complaint are hereby reasserted for all purposes and incorporated herein with the same force and effect as if set forth verbatim. Mr. Guajardo further shows as follows:

24. Mr. Guajardo provided testimony in support of his female coworker's sex discrimination/pregnancy discrimination lawsuit against the Defendant. Mr. Guajardo also objected to gender discrimination and harassment he felt the female employee was being subjected to and had agreed to testify at trial for the female employee in Cause No. V-02-98, in the SDTX-Victoria Division.

25. Additionally, Mr. Guajardo agreed to provide testimony in support of a male coworkers' race discrimination charge which had been filed with the United States Equal Employment Opportunity Commission against the Defendant.

26. Subsequent to participating in these protected activities and advising the plant manager on July 29, 2003, that he felt he was being retaliated against by Mr. Ramirez for engaging in the aforementioned protected activity, Mr. Guajardo was discharged on July 30, 2003. However, prior to Plaintiff's discharge, at least two (2) other employees under the supervision of Mr. Ramirez, but not in Mr. Guajardo's protected class, had been caught sleeping on the job and were not discharged.

## VIII. PRAYER

As a proximate cause of the foregoing, Mr. Guajardo has suffered damages and seeks the following relief:

a.   A declaration that the acts and practices complained of in this Complaint are in violation of Title VII of the Civil Rights Act of 1964, as amended, the Texas Labor Code and 42 U.S.C § 1981;

b.   An injunction permanently restraining these violations of Title VII of the Civil Rights Act of 1964, as amended, the Texas Labor Code and 42 U.S.C § 1981;

c.   Lost past wages and benefits;

d.   Compensatory damages;

e.   Punitive damages;

f.   Front pay should the court find reinstatement untenable;

g.   Reinstatement should the court find front pay inappropriate;

h.   Awarding Mr. Guajardo such other relief, legal or equitable, as may be warranted.

Plaintiff further seeks pre and post-judgment interests, costs of court, attorney's fees and litigation expenses for trial and appeal.

WHEREFORE, Plaintiff, Ray Guajardo, requests that upon trial of this cause, that he have judgment as authorized by law, and Mr. Guajardo further requests general relief.

Respectfully submitted,

**BOBBY D. BROWN**
S.D. Tex. No. 22425
State Bar No.: 24004564
121 S. Main Street, Suite 205
Victoria, Texas 77901
361-572-9944 [telephone]
361-572-9955 [facsimile]

**Attorney in Charge for Plaintiff**

7

Of Counsel:

**BOBBY D. BROWN, P.C.**
121 S. Main Street, Suite 205
Victoria, Texas  77901
361-572-9944 [telephone]
361-572-9955 [facsimile]

| CHARGE C. .SCRIMINATION | | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form. | ☐ FEPA ☒ EEOC | 360-2003-04701 |

Texas Commission On Human Rights _____ and EEOC
(State or Local Agency, If Any)

| NAME (Indicate Mr., Ms.., or Mrs.) | HOME TELEPHONE NUMBER (include Area Code) | |
|---|---|---|
| Ray Guajardo | 361-572-5651 | |
| STREET ADDRESS CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| 410 Williamsburg Ave, Victoria, Texas, 77904 | | 3-26-67 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (include Area Code) | |
|---|---|---|---|
| Formosa Plastics of Texas, Inc. | 15+ | (361) 987-7000 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | COUNTY |
| P.O. Box 700 - 101 FORMOSA DRIVE, PORT COMFORT, TEXAS 77978 | | | |
| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (include Area Code) | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE EARLIEST LATEST |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | 7-30-03 |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify) | CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s))

I. I was discharged on July 30, 2003, by Randy Smith, plant manager. I held the position of Operator.

II. I believe that I have been discriminated against in violation of the Texas Commission Human Rights Act and Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, in retaliation for agreeing to provide testimony in a sex discrimination/pregnancy discrimination case which is currently in litigation in the Southern District of Texas, Victoria Division (Civil Action V-02-98 - *Terry (Bone) Albrecht v. Formosa Plastics*) and for agreeing to provide testimony to an employee contemplating a race discrimination claim against the company.

On Monday, July 28, 2003, a member of management, Armando Ramirez, accused me of sleeping on the job. He advised me that if I did it again I would be suspended, pending investigation. After this alleged incident, Armando also sent an e-mail to our unit and to the plant manager advising everybody, that if he caught anybody sleeping again, they would be suspended, pending investigation and possible termination.

On July 29, 2003, I reported to the plant manager, Randy Smith, that I was not sleeping as alleged, and that I felt that Armando was retaliating against me for agreeing to testify in two employment discrimination cases in which Armando was the alleged perpetrator of the unlawful/discriminatory conduct.

On July 30, 2003, I was discharged, and the witness' statements I had been given by two employees were taken away from me by Randy Smith.

Other employees under Armando's supervision, not in my protected class, have been caught "sleeping" at the boards and were not discharged.

| I want this charge filed with the EEOC and the Texas Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE: (Month, day and year) |
| Date        Charging Party (Signature) | 07-30-03 |

EEOC FORM 5 (Rev. 07/99)

*LAW OFFICES OF*
# BOBBY D. BROWN, P.C.
### ATTORNEY & COUNSELOR AT LAW

**FILE COPY**

ADMITTED TO PRACTICE

TEXAS SUPREME COURT
UNITED STATES SUPREME COURT
U.S. COURT OF APPEALS D.C. CIRCUIT
U.S. COURT OF APPEALS FIFTH CIRCUIT
U.S. DISTRICT COURT S.D. TEX
U.S. DISTRICT COURT W.D. TEX
U.S. DISTRICT COURT N.D. TEX
U.S. DISTRICT COURT DISTRICT OF COLUMBIA

121 S. MAIN, SUITE 205
VICTORIA, TEXAS 77901
(361) 572-9944 - TELEPHONE
(361) 572-9955 - TELEFAX

BOB D. BROWN
BOARD CERTIFIED
LABOR & EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

*VICTORIA - CORPUS CHRISTI*

WWW.EEOLABORLAW.COM

February 11, 2004

Juanita McKinnie
CRTIU Supervisor
EEOC 501 E. Polk St., Rm. 1000
Tampa, FL 33602

RE:    Amendment to EEOC Charge Number 360 2003 04701
       Ray Guajardo v. Formosa Plastics of Texas, Inc.

Dear Ms. McKinnie:

Enclosed is our client's amendment to his above referenced EEOC charge. If you have any questions, please do not hesitate to contact me.

Sincerely,

Carolyn K. Brown
Paralegal to Bob D. Brown

BDB/ckb

Enclosure

cc:    Client
       File



EEOC Charge Number 360 – 2003- 04701 – Amended

Charging Party:     Ray Guajardo
Respondent:        Formosa Plastics of Texas, Inc.

**AMENDMENT:**    **I, also,  believe that I have been discriminated against because of my race, Hispanic, in violation of Title VII of the Civil Rights of 1964, as amended and Texas Commission on Human Rights Act in that:**

**Others not of my race have been "caught" sleeping on the job and they were not discharged.**

_____           2-4-04
**Charging Party**                                 **Date**

EEOC Form 161-B (10/96)                    U. S. F̄~ AL EMPLOYMENT OPPORTUNITY COMM̄ ~ ON

_____

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Mr. Ray Guarjardo<br>410 Williamsburg Avenue<br>Victoria, Texas 77904 | U. S. Equal Employment Opportunity Commission<br>Tampa Area Office<br>501 E. Polk Street, Room 1020<br>Tampa, Florida 33602 |

[  ]   *On behalf of person(s) aggrieved whose identity is*
       *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No.<br>360-2003-04701 | EEOC Representative<br>Patricia A. King, Investigator | Telephone No.<br>(813) 228-2310 |
|---|---|---|

*(See also the additional information attached to this form.)*

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ x ]   More than 180 days have passed since the filing of this charge.

- [  ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ x ]   The EEOC is terminating its processing of this charge.

[  ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[  ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[  ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____                    6/14/04
                  Manuel Zurita., Area Director                    *(Date Mailed)*

Enclosure(s)
Copy of Charge

cc:

| Formosa Plastics of Texas Inc.<br>C/O Christine E. Reinhard<br>Akin Gump Strauss Hauer & Feld LLP<br>300 Covent Street Suite 1500<br>San Antonio, Txas 78205-3732 | Mr. Bob D. Brown, Attorney<br>Law Offices of Bobby D. Brown, P.C.<br>121 S. Main, Suite 203<br>Victoria, Texas 77901 |
|---|---|

